BAKER LAND & TITLE COMPANY, Appellant, vs. BAYFIELD COUNTY LAND COMPANY, Respondent.

*January 9—February 5, 1918.*

*New trial: Ejectment: Changing nature of action by stipulation: Oral stipulation: Validity.*

1. Where in an action of ejectment defendant claimed title under tax deeds and by counterclaim asked to have its title quieted, and at the trial the parties stipulated that the action was one to quiet title, such stipulation operated to change the nature of the action although the pleadings were not formally amended. After judgment in such action there was no right to a new trial under sec. 3092, Stats., and after affirmance of the judgment by the supreme court no new trial could be granted.
2. An oral stipulation made in open court during the course of a trial and taken down by the reporter and acted upon by the parties is a valid and binding stipulation.

APPEAL from an order of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Plaintiff began an action in ejectment to recover the pos-

session of certain land in Bayfield county. The defendant answered setting up a counterclaim claiming title by virtue of five certain tax deeds and asked to have its title quieted as against the plaintiff. A jury was waived. Upon the opening of the trial it was stipulated that the plaintiff was the owner in fee of the lands, subject to the right of the defendant under its tax deeds. Upon the making of this stipulation the plaintiff rested. The defendant introduced in evidence its tax deeds and other evidence, mainly documentary, and rested. Plaintiff then proceeded with its rebuttal evidence. The defendant objected to certain evidence offered by the plaintiff tending to show the invalidity of the tax deeds, on the ground that the plaintiff had not replied to the counterclaims of the defendant setting up its tax title, and moved to strike out all such testimony as tended to impeach the tax deeds already offered. The plaintiff then asked leave to file a formal denial of the matters contained in the several counterclaims and stated that it was misled by statements made by counsel for the defendant to the effect that technical questions would not be raised, the purpose being to try the invalidity of the deeds. Thereupon the following stipulation was made:

"It is stipulated that this is an action to quiet title. It will be considered that all the tax deeds introduced on behalf of the defendant will be considered in evidence as having been introduced on the part of the plaintiff."

The trial then proceeded. The trial court made and filed findings of fact and conclusions of law by which four of the tax deeds were found to be invalid and one valid. Judgment was thereupon entered in favor of the defendant, whereby it was adjudged that the defendant was the owner in fee simple of the lands in question, and it was further adjudged that the plaintiff and all persons claiming under it "be, and they are hereby, forever barred from any or all claim, right, title, or interest in said premises, or any part thereof." From

the judgment so entered plaintiff appealed to this court. *Baker L. & T. Co. v. Bayfield Co. L. Co.* 162 Wis. 471, 156 N. W. 459. Upon the return of the record to the circuit court plaintiff moved for a new trial under sec. 3092, Stats. The trial court granted the motion. Thereupon the defendant moved to vacate the order granting a new trial, which motion was granted, and from the order vacating the order granting a new trial plaintiff appeals.

For the appellant there was a brief signed by *C. C. & A. E. Coe* of Barron, and oral argument by *Arthur E. Coe.*

For the respondent the cause was submitted on the brief of *John Walsh* of Washburn.

ROSENBERRY, J. The sole question raised on this appeal is, Is the plaintiff entitled to a new trial in accordance with the provisions of sec. 3092, Stats., which provides that the court in which any judgment in ejectment shall have been rendered, otherwise than upon failure to answer, shall, upon application of the party against whom the same was rendered, grant a new trial, upon conditions therein stated?

Plaintiff's contention is that it is entitled to a new trial because, the action being originally one in ejectment, there having been no amendment to the pleadings, the nature of the action has not been changed, and that whatever effect the stipulation between the parties may have had otherwise, it could not operate to change the nature of the action, and that therefore the plaintiff is entitled to a second trial. It is true that if no stipulation had been made as to the nature of the action and the case had proceeded, the same judgment would have been entered as was entered after the making of the stipulation. The distinction between actions at law and in equity having been abolished and a jury trial having been waived, there could have been no object or purpose in entering into the stipulation with respect to the nature of the action, excepting that the parties mutually agreed that the de-

termination of the court in that action should be final and that each party should waive its right to a new trial under the statute, to the end that the litigation might be finally determined. If the stipulation was not made for that purpose and did not have that effect it was a mere idle formality. The trial judge states in his decision that the action was begun in ejectment but had been changed to an action to quiet title, and all parties so treated it. It is true that in the opinion of this court it was referred to as an action in ejectment. The nature of the action, however, was in no way brought in question here, and the statement is no doubt a mere clerical error. It is claimed, however, that the stipulation being an oral one, and although taken down by the reporter and made a part of the record, it cannot be binding upon another trial. *Guaranteed Inv. Co. v. Van Metre,* 158 Wis. 262, 265, 149 N. W. 30. If the stipulation was valid and effectual for any purpose upon the first trial, the nature of the action was thereby changed from an action in ejectment to an action to quiet title, and, the judgment having been affirmed by this court, there can be no other trial. That an oral stipulation made in open court during the course of a trial and taken down by the reporter and acted upon by the parties is a valid and binding stipulation, is established beyond doubt, and it is not within the rule that stipulations in actions to be binding must be in writing. *Lewis v. Wilson,* 151 U. S. 551, 14 Sup. Ct. 418; *Savage v. Blanchard,* 148 Mass. 348, 19 N. E. 396; 36 Cyc. 1282 and cases cited.

The effect of the stipulation made and acted upon by the parties and the court was to change the nature of the action, from and after the making of which it became an action to quiet title although the pleadings were not formally amended, and thus the judgment of this court became a final judgment in an action to quiet title, and therefore the circuit court was without any power to grant a new trial, and the order appealed from must be affirmed.

*By the Court.*—Order affirmed.