BLOOMER, Respondent, vs. BLOOMER, Appellant.

*October 8—November 7, 1928.*

*Walter A. John* and *C. R. Beckwith,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Holt & Coombs,* attorneys, and *E. D. Walsh,* of counsel, all of Waukesha, and oral argument by *Mr. Albert N. Coombs* and *Mr. Walsh.*

STEVENS, J.   (1) The husband does not attack the finding that he was guilty of cruel and inhuman treatment which warranted the granting of a divorce.   The issue on appeal is upon his contention that the wife had been guilty of such conduct with other men as to bar her right to a decree of divorce.

The wife and the men in question each positively denied any such improper conduct.   The most that can be said is that the proof presented a question of fact for the trial court, whose finding that the plaintiff was not guilty of such conduct cannot be disturbed upon appeal.

(2) Defendant contends that the judgment must be set aside and a new trial granted because (a) the testimony of one witness was taken by deposition before trial; (b) the testimony relating to some of these alleged improper relations was taken in the chambers of the presiding judge; (c) the court excluded minors and newsgatherers while some of the same character of proof was being offered in the court room.

The husband ought not to be heard to raise either of the first two objections stated above, because the testimony was taken in chambers at his request and the deposition was taken and offered in evidence by him. The husband seeks to avoid the effect of the well established rule that an appellant cannot be heard to complain of any proceeding taken or proof received upon the trial at the instance of the appellant himself by asserting that this rule does not apply to divorce actions in which the public is a party in interest and is not bound by the acts of either the husband or the wife.

The defendant relies upon sec. 247.12, Stats., which provides:

"All hearings and trials to determine whether or not a decree shall be granted shall be had before the court, and not before a referee, or any other delegated representative, and shall in all cases be public."

This statute was enacted to end a practice that had obtained in this state by which testimony in default divorce actions was quite generally taken before referees,—who were too often stenographers in the office of the plaintiff's attorney. It was because this practice made possible the granting of a divorce almost as a matter of form that this act was passed for the purpose of abolishing the practice by requiring all testimony to be taken before the court that was charged with the judicial duty of determining whether a decree should be granted. That purpose was fully accomplished in this case when the presiding judge, the parties, and their counsel retired to the judge's chambers upon request of defendant's counsel in order that this salacious testimony should not be detailed before those who were in the court room.

The court was in session in the room occupied by the judge as his chambers. The presiding judge could convene his court in any suitable room in the court house. When a judge is attended by the court officials and the parties and their counsel and witnesses and proceeds with the dispatch of

judicial business, the court is in session, even if the sitting happens to be in a portion of the building that does not have the words "court room" upon its doors.

The deposition was properly received in evidence. Sec. 247.12 of the Statutes does not prohibit the use of depositions in the trial of divorce actions. The provision is that "all hearings and trials . . . shall be had before the court." While the power to grant divorce is conferred upon the court by statute, the trial of a divorce action is conducted under the same rules of practice and procedure that apply in other civil actions, except in so far as the same are modified by statute. Depositions are always admitted in "all hearings and trials" of civil actions.

(3) The defendant husband also contends that the judgment must be reversed because the trial was not public as required by statute during those times when testimony was taken in the chambers of the presiding judge and when minors and newsgatherers were excluded from the court room. The provision of this statute that "all hearings and trials . . . shall in all cases be public" adds nothing to the mandate that "the sittings of every court shall be public and every citizen may freely attend the same." This provision of sec. 256.14 of the Statutes has been a part of our law since the Revised Statutes of 1849 were passed by the legislature.

It has always been recognized that courts possess the inherent power to so regulate the admission of the public to the court room that their presence shall not interfere with the proper administration of justice, as, for example, by excluding those who come after the court room is filled with people, or by excluding those members of the public who are interfering with the orderly administration of justice. Sec. 256.14, which expressly recognizes the power of the court to exclude minors from the court room, applies to divorce cases as well as to all other actions in court. All these statutes relating to public trials must be construed together and

given force. The statute on which the defendant husband relies did not attempt to repeal this section as to the exclusion of minors or to exempt divorce actions from its provisions. On the contrary, the statute regulating the granting of divorces expressly recognized that cases will arise in which the court, "in the interests of public morals" (sec. 247.19 of the Statutes), ought to impound the records in divorce actions so that not only minors, but newsgatherers and the public generally, could not have access to them or have the right to spread the details of scandalous and obscene testimony before the public.

If the court may impound the testimony after it has been taken so that newsgatherers may not spread its salacious details before the public, the court must of necessity have the power to make such purpose effective by preventing the spread of such details before the public during the trial by excluding newsgatherers from the court room or by temporarily holding court in some other room during the time that such proof is being offered. The purpose of providing for a public trial was to avoid the abuses that had arisen out of star-chamber proceedings,—not to feed the idle curiosity of those who may find delight in the details of the testimony offered in divorce cases. No newsgatherer is before the court objecting because he was excluded from the court room. The defendant has no right to complain because the details of his marital troubles were not spread before the public.

It is significant that the record discloses that the divorce counsel, whose duty it was to appear on behalf of the public and to protect the interests of the public in divorce actions, appeared and participated in the trial of this case. The record contains no suggestion from him that the rights of the public were prejudiced in any way by the proceedings of which the husband complains.

The cases on which the husband relies are those in which the entire trial was conducted before a referee or behind

closed doors. They do not decide that a court may not proceed as the trial court did in this case while testimony was being taken that was of such a nature that the protection of the public morals required that it should be taken out of the hearing of minors or such other persons as might be in the court room.

*By the Court.*—Judgment affirmed.