URBAN and wife, Respondents, vs. TRAUTMANN and wife, Appellants.*

*September 10—October 22, 1946.*

\* Motion for rehearing denied, with $25 costs, on December 18, 1946.

The cause was submitted for the appellants on the briefs of *G. M. Sheldon* of Tomahawk, and for the respondents on the brief of *O'Melia & Kaye* of Rhinelander.

WICKHEM, J.   On June 11, 1945, plaintiffs executed and delivered to defendants an instrument in writing which was as follows:

"This is to certify that Eugene Urban and Mildred Urban has this day received of William F. Trautmann and Doris Julia Trautmann, his wife, the sum of $1,042 ten hundred forty-two dollars as part of the purchase price on the southwest quarter (SW¼) of the southeast quarter (SE¼) of section twenty-two (22), township thirty-five (35) north of range six (6) east.   The balance of $1,458 fourteen hundred fifty-eight dollars to be paid on or before thirty (30) days from the date hereof at which time warranty deed and abstract of title is to be delivered.
"Dated this 11th day of June, A. D. 1945.
                    "EUGENE C. URBAN.
                    "MILDRED C. URBAN."

Plaintiffs have not tendered an abstract of title to defendants for examination and defendants have not paid the balance due.   The question is whether plaintiffs have failed to perform all conditions precedent or concurrent to payment, or whether defendants have defaulted in the matter of payment.

This requires us to determine whether the contract properly required an abstract of title to be delivered sufficiently ahead of the time of payment to enable defendants to examine the title.

By the plain provisions of the writing, payment is a condition precedent to the delivery of the deed and abstract, or at the very least, is to be made concurrently therewith. The contract provides that the payment is to be made on or before thirty days from date "at which time warranty deed and abstract of title is to be delivered." This is only consistent with the above conclusion. It is to be noted that the deed and abstract are to be delivered together at the time of closing the deal, and this repels any inference that the abstract was to be turned over in advance of the time of closing. While the contract may be unusual in this respect, it appears to us to be clear and unambiguous, and there would be no profit in examining numerous cases involving contracts containing wholly different provisions. The closest case to the instant one is that of *Jefferson Gardens, Inc., v. Terzan,* 216 Wis. 230, 236, 237, 257 N. W. 154. There, the contract specified that the delivery of the deed was to be made "when the purchaser shall have made all payments," and this court held that "This implies that the payments shall precede delivery." The findings of the trial court are to the effect that plaintiffs had the abstract extended, procured satisfaction of a mortgage against the premises and executed a deed, all of which were ready to be delivered to defendants at the time specified for closing the transaction.

We now come to defendants' motion for a new trial. According to defendants there was no trial of this cause, but merely what counsel designates as a pretrial conference. Defendants claim that the proceedings violated, (1) sec. 5, ch. 64, Laws of 1939, which specifically requires that the reporter "shall take stenographic notes of all evidence and proceedings had in said court upon the trial of all issues of fact;" (2) sec.

59.39 (4), Stats., which makes it the duty of the clerk of court to keep a minute book and enter therein a statement of all proceedings had in open court; and (3) sec. 269.46 (2) which provides that no stipulation shall be binding unless made in court and entered in the minutes. The judgment and findings of fact contain the following recitation:

"The above-entitled action coming on for trial before the court on December 1, 1945, and O'Melia & Kaye appearing as attorneys for the plaintiffs, and G. M. Sheldon, Esq., appearing as attorney for the defendants, and the parties having stipulated in open court, waiving the taking of any testimony, and waiving the taking of the stipulation by the court reporter, and the court having made minutes of said stipulation, and the respective attorneys having submitted their briefs, and the court having made and filed its opinion, now makes the following findings of fact and conclusions of law: . . ."

It thus appears that there were no issues of fact, these having been stipulated in open court. Under these circumstances, the requirement of sec. 5, ch. 64, Laws of 1939, that the reporter take stenographic notes of the proceedings is inapplicable since that section applies only to the trial of the issues of fact. The parties are said by the court to have agreed to waive the taking of the stipulation by the reporter and to have consented to the court making minutes of this stipulation. There is nothing in sec. 269.46 (2), Stats., specifying the person who shall enter a stipulation in the minutes. There is nothing in the preamble of the judgment which indicates that the clerk was not present or did not comply with the requirements of sec. 59.39 (4). Finally, since the stipulation waiving these matters is recited to have satisfied statutory requirements, defendants are in no position to claim prejudicial error.

In this state of the record, we are at a loss to know how we can proceed to consider defendants' contentions. There is no bill of exceptions and defendants are limited to the contention that the findings do not support the judgment. An unidentified, unauthenticated, and unlabeled fugitive paper has been

sent up with the record which could be a copy of the judge's minutes. This paper is not properly in the record, and we are not in a position to consider it for any purpose. So far as the record before this court goes, the parties stipulated to submit the cause, stipulated in open court to the facts found by the court, and the only question is as to the correctness of the trial court's conclusions upon those facts.

Since we hold that the conclusions were sound, it follows that the judgment and order must be affirmed.

*By the Court.*—Judgment and order affirmed.