CZAP, Appellant, vs. CZAP, Respondent.

*March 11—April 5, 1955.*

558

For the appellant there was a brief by *Urban J. Zievers* of Kenosha, and *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, attorneys, and *Paul W. Kaiser* of Waukegan, Illinois, of counsel, and oral argument by *Leo E. Vaudreuil*.

GEHL, J. It is not claimed that the terms of the judgment vary from those of the stipulation. Nor is it denied that the stipulation was made in open court in the presence of the parties and their counsel. It was recorded in the reporter's minutes and was transcribed and made a part of the record in this case. It is contended that the stipulation is ineffective because it was not made in compliance with sec. 269.46 (2), Stats., which provides as follows:

"(2) No agreement, stipulation, or consent, between the parties or their attorneys, in respect to the proceedings in an

action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

Specifically, plaintiff urges that it does not appear that it was "entered in the minutes;" that the reporter's notes are not minutes. We have no statutory definition of the term, "minutes of the court." Bouvier defines it as "a memorandum of what takes place in court, made by authority of the court." It would certainly seem that a record made by the official court reporter is made by authority of the court. The binding effect of a stipulation made under similar circumstances was recognized in *Baker L. & T. Co. v. Bayfield County L. Co.* 166 Wis. 601, 604, 166 N. W. 314, where the court said:

"That an oral stipulation made in open court during the course of a trial and taken down by the reporter and acted upon by the parties is a valid and binding stipulation, is established beyond doubt, and it is not within the rule that stipulations in actions to be binding must be in writing."

We hold that the stipulation is binding.

Plaintiff contends also that regardless of the question whether a stipulation, made as this one was, is effective to support a judgment, he has made a sufficient showing to entitle him to be relieved of its effect. He does not charge that his attorney or anyone else made any misrepresentation to him, or that he did not hear the stipulation dictated, or that any fraud or undue influence was exercised upon him, or that he was moved by any improper inducement whatever to stand by silently when the stipulation was made. The relief which he asked was within the discretion of the trial judge. We find no abuse of discretion.

Plaintiff contends that the judgment should be reversed because of the court's failure to make findings of fact and conclusions of law. Findings are necessary when there is to

be a determination of facts. *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818. No such determination was necessary in this case. The stipulation provided all that was needed to support the judgment. *Finkelstein v. Chicago & N. W. R. Co.* 217 Wis. 433, 259 N. W. 254.

*By the Court.*—Judgment affirmed.