SCHMIDT, Respondent, v. SCHMIDT, Appellant.

*No. 38. Argued October 29, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 618.)

For the appellant there was a brief and oral argument by *John E. McCormick,* attorney, and *Henry A. Tessmer* of counsel, both of Milwaukee.

For the respondent there was a brief and oral argument by *Walter J. Steininger* of Milwaukee.

BEILFUSS, J.  The husband on this appeal does not challenge the finding of cruel and inhuman treatment nor the award of the divorce to the wife. He contends that the provisions for division of estate, alimony, support money, attorneys' fees and the minor's clothing bill should be set aside.

During the various stages of the litigation and until the judgment was entered in the trial court the husband was represented in all or some phases of the proceedings by three attorneys—Mr. Richard D. Kaestner, Mr. Roland Steinle, Jr., and Mr. Robert Beaudry. A fourth attorney represented him on a motion to review the findings and in this appeal.

The husband's principal contention is that the parties did not enter into a binding stipulation, that the finding of a net worth of $200,000 is not supported by the evi-

dence, and that the award for attorneys' fees should be set aside.

It is apparent from an examination of the record that the parties, their respective attorneys, and the trial judge had an extensive in camera discussion of the value of the property of the parties and the attorneys' fees.

The property of the parties consisted chiefly of two separate homes, one occupied by the wife and the daughter and the other by the husband and the son; a lake cottage; a beer and liquor depot; and 29 other separate parcels of real estate plus additional personal property. Most of the real estate was encumbered to some degree by real estate mortgages. Both parties had appraisals made and these written appraisals are a part of the record as exhibits. The husband's appraisal was higher than the $200,000 net value found by the court and the wife's slightly lower.

Faced with this array of property it is understandable why the trial court endeavored to have the parties agree upon the net value of the assets if they could. In camera discussion of the value of the property of the parties is not uncommon and is a desirable practice to resolve sometimes difficult issues in a manner satisfactory to the parties. However, if an agreement or a stipulation is reached the attorneys and the trial court must make an effort to have the agreement adequately reflected in the record.

Sec. 269.46 (2), Stats., provides:

"No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

Stipulations in divorce actions are in the nature of a contract. *Estate of Boyd* (1963), 18 Wis. 2d 379, 118 N. W. 2d 705. And oral stipulations made in open court

during trial, taken down by the reporter and acted upon by the parties and the court are valid and binding. *Baker Land & Title Co. v. Bayfield County Land Co.* (1918), 166 Wis. 601, 166 N. W. 314; *Pasternak v. Pasternak* (1961), 14 Wis. 2d 38, 109 N. W. 2d 511; *Czap v. Czap* (1955), 269 Wis. 557, 69 N. W. 2d 488. The discretion of the trial court to relieve parties from stipulations when improvident or induced by fraud, misunderstanding or mistake, or rendered inequitable by the development of a new situation, is a legal discretion to be exercised in the promotion of justice and equity, and there must be a plain case of fraud, misunderstanding or mistake to justify relief. *Illinois Steel Co. v. Warras* (1909), 141 Wis. 119, 123 N. W. 656.

We are of the opinion that there is ample evidence in the record to support the trial court's finding that the parties stipulated and agreed that the net value of the property of the parties was $200,000, and that $15,000 of this sum was to be deducted and awarded as attorneys' fees, leaving a balance of $185,000 to be divided between the parties.

Appellant-husband contends that the property awarded to the wife was excessive because appellant acquired these assets with only slight contribution on the part of the respondent-wife.

The guidelines in property division cases were restated in *Radandt v. Radandt* (1966), 30 Wis. 2d 108, 113, 140 N. W. 2d 293:

"While the division of estate in a divorce action is peculiarly within the discretion of the trial court, this court has repeatedly laid down the guideline that in general a third of the estate is a liberal allowance to the wife subject to be increased or decreased according to special circumstances. In *Kronforst v. Kronforst* we set forth four factors which would warrant granting an award of more than one third to the wife. These are a long period of marriage, complete lack of any separate estate in the wife coupled with her inability to support herself, low award of permanent alimony, and breakup of marriage due to husband's wrongful conduct."

In the instant case the lower court awarded a fraction under a third of the net estate. The parties have been married since May of 1935. Both are fifty-three years of age. The respondent has no separate estate of her own, and the trial court found that at the time of the trial the respondent was not in good health and required and was receiving medical attention and care. Prior to 1960, respondent-wife worked extensively in one or another of the businesses owned and operated by the parties, including a beauty shop and dairy bar. Since 1954 respondent has been working on the books of their beer depot—a matter of three hours a week.

The breakup of the marriage was due to appellant's wrongful conduct. The trial court found him guilty of: cruel and inhuman treatment, consisting of association with another woman; harsh and dictatorial conduct; unjust belittlement; unreasonable handling of the financial affairs; and unreasonable absences.

The award of $61,000 to the wife was slightly less than one-third of the property. Clearly this award does not reflect an abuse of discretion on the part of the trial court.

The appellant-husband argues that he was required to pay all of the wife's attorney's fees and that the fee is excessive. He was not in fact required to pay the entire attorney's fee. The entire fee for the attorneys for both parties was deducted from the net estate and the balance was then divided by the court for the property division.

Not only do we conclude that the parties agreed to the attorneys' fees, from our review of the record this allowance appears reasonable and, in any event, no abuse of discretion by the trial court has been shown.

Appellant argues that support payments are too high because the minor daughter, Dorian, had a job. This job, however, was a part-time one and brought in very little money that could be used for support.

At the trial respondent-wife testified that Dorian wanted to go to school but respondent did not know

where. Later, Dorian enrolled in a nonaccredited trade school. Appellant suggests that this is a ruse to disguise respondent's need for alimony.

There is, in fact, very little in the record to indicate what the financial needs of the daughter actually are. It is evident that she is not self-supporting and lives at home. This in itself appears sufficient to justify the award. Appellant has not set forth any reason why the award was too high. It appears, therefore, that the trial court did not abuse its discretion.

Appellant-husband's final contention is that the trial court abused its discretion in ordering appellant to hold the respondent harmless in any claim of Gimbels-Schusters that the daughter incurred after the commencement of the action.

The daughter, Dorian, was at the commencement of the action, eighteen years of age and attended Patricia Stevens, taking a course in fashion buying. After this action commenced, Dorian purchased $570 worth of clothing and charged the same to the appellant without his knowledge or consent. Appellant contends that because he no longer had custody or supervision he should not be required to pay these bills.

The record shows, however, that the clothes were purchased over a period in excess of one year and were purchased to replace clothes worn in high school which were now too small and unsuitable. The purchases included other items, such as makeup and other personal items. Furthermore, appellant was not unaware of Dorian's interest in fashions. Though unhappy about some of the previous purchases, appellant nonetheless paid them. In fact, he gave Dorian $235 so that she could purchase a gown and swimsuit to wear in the Miss West Allis Contest. Further, the husband took the daughter on a pleasure trip to Florida during the pendency of the ac-

tion. As between the husband and wife we cannot conclude it was an abuse of discretion for the trial court to order that the husband hold the wife harmless as to this obligation.

*By the Court.*—Judgment affirmed.