IN RE the MARRIAGE OF:
Edward F. KASTELIC,
Petitioner-Appellant and Cross-Respondent,

v.

Janet M. KASTELIC, Respondent and Cross-Appellant.

Court of Appeals

*No. 83–941. Submitted on briefs February 21, 1984.—*
*Decided May 2, 1984.*
(Also reported in 350 N.W.2d 714.)

For the appellant and cross-respondent, the cause was submitted on the briefs of *James R. Donohoo,* of Milwaukee.

For the respondent and cross-appellant, the cause was submitted on the briefs of *Dale P. Gerdes* of *Gutknecht & Gerdes,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Edward F. Kastelic appeals from the property division and family support provisions of a judgment of divorce.[1]   Janet M. Kastelic appeals the court's decision denying contribution to her attorney's fees and a provision in the judgment regarding sale of the homestead.   Because we find no abuse of discretion by the trial court in these matters, we affirm.

The Kastelics were married on December 23, 1961 and obtained a judgment of divorce dated May 9, 1983.   At the time of the divorce, they had one minor son, who lived at home, and two adult daughters.   Edward is self-employed as an orthodontist.   Janet worked while Edward

[1] We note that Edward has made several submissions to this court containing argument and other documents beyond the time limitations prescribed in secs. 809.10 through 809.26, Stats.   Our decision must be based on the record as certified and the briefs as originally submitted.   It would be inappropriate for this court to consider this additional material on appeal.

was in dental school and continued working until the birth of their second child. After separation from Edward, she worked as a substitute teacher and obtained a real estate broker's license. However, she has been unsuccessful in selling real estate. In January 1983, she began a three and one-half year college program to become a dietician. The earning capacity of each party is in dispute. However, the trial court found that Edward's annual gross income is $131,000 and Janet's is $5,000.

The judgment of divorce divided the assets as follows:

*Edward*

Interest in the Carillon Partnership
Interest in the 933 Py-Vavara Limited Partnership
Interest in dental practice—Edward F. Kastelic, S.C.
Rights to the depleted money market fund
Rights to the $10,000.00 tax refund
Rights in his pension plans with Edward F. Kastelic, S.C.
Household furnishings and effects in his possession
Bank accounts presently in his name
Inheritance (not divided)

*Janet*

The homestead
Household furnishings and effects in her possession
Her furs
Bank accounts presently in her name
1980 Oldsmobile Cutlass
Cash payment of $80,000
Cash payment of $86,521 at 10% interest amortized over 5 years.

Janet's property division from Edward was effected as follows: $80,000 from the sale of his interest in the Py-Vavara 933 Partnership and an additional $86,521 cash settlement to be paid over five years, with interest at ten percent per annum on the unpaid principal balance, equaling a monthly payment of $1,838.32. Janet was also awarded $2,300 per month as family support.

The support provision was made reviewable in three and one-half years or when she ceases or completes her college program.

The proper standard of review in an appeal from the property division of a divorce judgment is whether the trial court abused its discretion. *Mack v. Mack,* 108 Wis. 2d 604, 607, 323 N.W.2d 153, 154 (Ct. App. 1982). The exercise of discretion requires a reasoning process dependent on facts or inferences from the record, conclusions based on proper legal standards, and the basis for conclusions set forth on the record. *Holbrook v. Holbrook,* 103 Wis. 2d 327, 340, 309 N.W.2d 343, 349 (Ct. App. 1981). *De novo* review is appropriate only where the trial court has failed to manifest the exercise of discretion with findings, and even then, it is optional for the reviewing court to review *de novo* or reverse and remand for findings. *See Leighton v. Leighton,* 81 Wis. 2d 620, 628, 261 N.W.2d 457, 460–61 (1978). The trial court's findings of fact will not be disturbed on appeal unless they are clearly erroneous. *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983) ; sec. 805.17 (2), Stats.

The major issue on appeal is whether a trial court may look to voluntary pension contributions, in addition to salary, to determine earning capacity for the purpose of setting family support. Edward argues that the trial court does not have that authority in the absence of evidence of manipulation of contributions to avoid divorce obligations or where the pension fund has been long established and the contributions were never available to affect the parties' standard of living. In determining maintenance, trial courts look to the needs and the income producing abilities of the parties. *Bahr v. Bahr,* 107 Wis. 2d 72, 82, 318 N.W.2d 391, 397 (1982). Income is

not limited to salary but includes cash equivalents and benefits accruing from any source. *Hirth v. Hirth*, 48 Wis. 2d 491, 495, 180 N.W.2d 601, 603 (1970). If a trial court finds that pension plan contributions are in the nature of cash equivalents or benefits, we conclude it has the authority to consider those contributions as income for the purpose of setting maintenance.

Because we find a general authority to consider pension plan contributions as income, we must next determine whether in this case the trial court abused its discretion in the application of the authority. The trial court found that the plan contributions to be made after the divorce constituted income to Edward for purposes of a family support determination. Edward had two retirement plans set up through his service corporation—a defined benefit pension plan and a defined contributions pension plan. The dispute concerns the defined contributions pension plan. At the time of the divorce, Edward was contributing forty percent of his earnings to this plan. As sole shareholder, Edward could control, with some limitations, his contribution rate through plan amendments. The record shows that the trial court considered evidence of the voluntary nature of Edward's plan contributions and his discretion to choose the amount of income to shelter by deferring income tax. Other evidence indicated that Edward could even cash in his plan and still receive favorable tax treatment. The trial court considered only future contributions as income, recognizing that Janet had a property interest only in contributions made before the divorce. *See Bloomer v. Bloomer*, 84 Wis. 2d 124, 127, 267 N.W.2d 235, 237 n 1 (1978). We conclude that the record sufficiently supports the trial court's findings that it could include Edward's pension contributions in his income for setting maintenance. Because the court considered the proper factors, we find no abuse of discretion.

Edward argues that by including all of his future pension contributions as income, the trial court effectively denied him the right to make reasonable pension contributions and provide for his own retirement. He claims this is an abuse of discretion by the trial court because no determination of reasonable contributions to the fund was made. We disagree. The trial court did not deny Edward the right to contribute to his pension fund. Edward has the choice whether to contribute or not.

A second dispute on appeal concerning the contributions pension plan relates to the oral stipulation regarding the proper tax credit to apply in valuing the plan. At the final hearing, the trial court announced that it had decided to award Edward fifty-five percent of the marital estate because his "Herculean" work efforts were significant in the accumulation of the estate. The trial court also indicated it would discount the future tax liability of the pension fund to present value. After arguing this discounting would be improper, the parties stipulated that the marital estate would be divided fifty-fifty and that the tax credit would not be discounted to present value. This had been the understanding reached at earlier hearings. Edward argues that he was forced to agree to this stipulation, thus giving up five percent of the marital estate, in order to prevent the trial court from applying an erroneous tax credit.

There is no doubt the stipulation was made in accordance with sec. 807.05, Stats.[2] In divorce actions, stipulations are in the nature of a contract. *Schmidt v. Schmidt,*

[2] Section 807.05, Stats., provides:
STIPULATIONS. No agreement stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court and entered in the minutes or recorded by the reporter or made in writing and subscribed by the party to be bound thereby or the party's attorney.

40 Wis. 2d 649, 653, 162 N.W.2d 618, 621 (1968). In the interests of justice and equity, the trial court may, at its discretion, relieve parties from stipulations which are improvident or induced by fraud, misunderstanding or mistake. *Id.* at 654, 162 N.W.2d at 621. *See also* sec. 806.07(1)(a) and (c), Stats.[3] Edward makes no allegation of fraud, misunderstanding or mistake. He does argue that he was surprised by the trial court's decision to reduce the tax liability to present value despite all of the expert evidence to the contrary. However, Edward was not required to enter into the stipulation. He could have refused to stipulate and then appealed the trial court's decision.

We also conclude that it is questionable whether Edward really gave up anything by the stipulation because the record does not show strong support for a 55–45 split of the marital estate. Section 767.255, Stats., presumes an equal division of assets with variances allowed only after consideration of several factors. Contribution to the marital estate is only one factor to consider and, in this case, is probably insufficient to upset the presumption. In addition, immediately before entering into the stipulation, Edward's attorney stated:

So it comes out to either appeal or not appeal. I think the Doctor had some question about appealing on the pension. We asked for a fifty-fifty split; we are not contesting it. He testified that he had no problem with a fifty-fifty split so that is not an issue.

---

[3] Section 806.07(1)(a) and (c), Stats., provides:
RELIEF FROM JUDGMENT OR ORDER. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
. . . .
(c) Fraud, misrepresentation, or other misconduct of an adverse party.

It is evident that Edward desired to conform to earlier understandings between the parties. Because he knowingly entered into the stipulation, he is bound by it. It was not an abuse of discretion for the trial court to accept the stipulation.[4]

Edward next argues that the trial court abused its discretion in the determination of family support payments. He claims the trial court did not properly evaluate Janet's earning capacity and that consequently the family support payments ordered are excessive. He also contends that the support payments, in conjunction with the property settlement payments, have seriously impaired his standard of living, especially in comparison with Janet's. He requests that Janet be ordered to seek fulltime employment and to sell the home so that his support payments can be lessened. We disagree that the family support award is unreasonable in this case.

The family's need and the paying spouse's ability to pay should be assessed when determining family support. *Holbrook*, 103 Wis. 2d at 342, 309 N.W.2d at 350. The trial court considered these factors, and its findings are not clearly erroneous. The record supports the trial court's finding that Janet's earning capacity is $5,000 per year. Janet presented evidence regarding the availability of substitute teaching and its rate of pay. The trial court considered Janet's need to pursue an education in order to increase her future income and found it reasonable for Edward to support that endeavor. The trial court ascertained Edward's ability to pay and provided for review of the support payments when Janet finishes her schooling. The record indicates the trial

---

[4] Because we conclude that the stipulation is binding, we do not reach the issue of whether reducing a future pension tax liability to present value is error.

court exercised its discretion by considering proper factors and setting forth the reasoning behind its decision. We find no abuse of discretion and defer to the trial court's judgment.

Janet argues on cross-appeal that the trial court abused its discretion by failing to award contribution to her attorney's fees. Section 767.262, Stats.,[5] provides in pertinent part: "The court, after considering the financial resources of both parties, may order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney's fees to either party . . . ." Awarding attorney's fees is within the discretion of the trial court and will not be altered on appeal unless that discretion is abused. *Selchert v. Selchert*, 90 Wis. 2d 1, 15, 280 N.W.2d 293, 300 (Ct. App. 1979). The trial court, before awarding attorney's fees, must make findings of the need of the spouse seeking contribution, the ability to pay of the spouse ordered to pay, and the reasonableness of the total fees. *Holbrook*, 103 Wis. 2d at 343, 309 N.W.2d at 351. Absent these findings, an appellate court may independently review the record. *See Parsons v. Parsons*, 68 Wis. 2d 744, 756, 229 N.W.2d 629, 635 (1975).

In this case, the trial court specifically found that Janet's attorney's fees were fair and reasonable but denied her request for contribution. Her attorney asked for a ruling on award of fees, stating: "[I]f you are going to deny it [contribution], can you just let me know in advance so I can figure that in the property settlement?" The trial court replied:

We have ignored the fees in the settlement. Each pay their own fees. That's saying the same thing as denying

[5] We note that sec. 767.262, Stats., has been recently amended in sec. 1765, 1983 Wis. Act 27. This amendment, however, has no effect on the outcome of this appeal.

your request for contribution. So we can bring that up, certainly, at that time. Certainly, as I have made clear is my policy, I do not make the husband pay for the wife's fees when we have a 50–50 division, because then we don't have a 50–50 division any longer. That's the long and short of that one.

The trial court, therefore, made no specific findings as to need or ability to pay. However, our *de novo* review of the record supports the trial court's conclusions. We agree with the trial court that each party should be responsible for his or her own attorney's fees. Janet received a large cash settlement and support to enable her to remain in the home and attend college. The property division was equal, and Janet's counsel stated he would consider fees in the proposed property settlement. On the record, the trial court mentioned Janet's attorney's fees when discussing her income and ordered the fees paid directly to the attorney from her cash settlement. We agree with the trial court's implied finding that Janet does not have the requisite need to require contribution to her attorney's fees.

Janet's final argument is that the trial court abused its discretion in ordering that the homestead awarded to her be sold, or treated as sold, by the next review date. The next review date occurs when Janet finishes her college course of study, discontinues it, or in three and one-half years, whichever comes first. She argues the trial court ignored sec. 767.255 (7), Stats.,[6] in making this decision. We find no merit to this argument.

---

[6] Section 767.255, Stats., in pertinent part provides:
The court shall presume that all other property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:
. . . .
(7) The desirability of awarding the family home or the right to live therein for a reasonable period to the party having custody of any children.

The judgment of divorce clearly awards the homestead to Janet. The trial court stated that "[t]he question of selling is relevant only on the issue of how much maintenance I will properly allow her. . . . And if she wants to keep it [the home] under the maintenance, total income she has ultimately, that's her decision, obviously." In its family support decision, the trial court considered Janet's income and her desire to obtain a dietician's degree. Thus, it ordered a substantial contribution from Edward to maintain her in the home while she completed her education. Upon Janet's completion of her degree, when presumably she could earn more income, the trial court felt it would be unreasonable to require Edward to continue to maintain her at the same level and ordered review upon that event. There is no requirement to sell the home. The court allowed a reasonable period of time for Janet and her son to remain in the home at Edward's expense. The son will be eighteen years old when Janet obtains her degree, and no expert testimony indicates an earlier move would unduly harm him. There is no abuse of discretion by the trial court.

*By the Court.*—Judgment affirmed.