IN RE the MARRIAGE OF:

Nancy M. KELLER, Petitioner-Appellant,

v.

Michael J. KELLER, Sr., Respondent-Respondent.

Court of Appeals

*No. 96–2954. Submitted on briefs August 29 , 1997.—Decided October 1, 1997.*

(Also reported in 571 N.W.2d 182.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert B. Moodie* of *Hippenmeyer, Reilly & Moodie, S.C.* of Waukesha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Julie M. Gay* of *Brenner, Brenner & Wall* of Waukesha.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. Nancy M. Keller appeals from a family court order denying her motion to revise a physical placement order based on a stipulation executed by the parties and approved by the court during the pendency of a divorce proceeding. The family court held that Nancy's motion did not establish the requisite grounds for relief pursuant to §§ 806.07 or 767.325, STATS. Nancy challenges the court's holding that the order was final. We reject Nancy's argument. We affirm the order.

### FACTS

Nancy filed a petition for divorce against her husband, Michael J. Keller, Sr., on May 18, 1995. On August 22, 1995, a temporary hearing was held before

a family court commissioner. This hearing resulted in the entry of a temporary order addressing several issues including the custody and physical placement of their two minor children. Thereafter, despite their disagreement over other issues, Nancy and Michael entered into a stipulation addressing only the custody and placement issues. Important to the appellate issue, the introductory language to the stipulation provided that "[t]he Judgment of Divorce when granted shall include the following. . . ." The stipulation provided for joint custody and shared physical placement and "[i]n the event of any disagreement between the parties, either party shall apply to the Waukesha County Family Court Counseling Services for mediation."

The parties then submitted the stipulation to the family court for approval. On January 19, 1996, the trial court entered an order stating that "the terms of the above Stipulation of the parties shall stand as and for the Order of the Court in each and every respect."

On March 18, 1996, Nancy's attorney wrote a letter to the family court commissioner addressing Nancy's concerns regarding the shared physical placement arrangement. Nancy requested that a "case study be ordered in order to better evaluate whether the shared placement arrangement is . . . suitable for the children." Nancy did not inform the family court commissioner that the family court had previously entered an order on January 19, 1996, based on the stipulation. On March 20, 1996, the family court commissioner issued an order for a custody/physical placement study. Nancy thereafter filed a motion to adjourn the trial date until the custody/physical placement study was completed. On April 15, 1996, the trial court denied Nancy's request, concluding that the stipulation and

order had concluded the custody and placement issues with finality.

On May 30, 1996, Nancy filed a motion to revise the physical placement order and a motion to order a physical placement study. Nancy's motion was brought pursuant to §§ 767.24(4) & (5), 806.07 and 767.325(1)(a), STATS. Nancy's reliance on §§ 806.07 and 767.325 requires some explanation since she argued in the trial court that these two statutes did not apply to her request for a custody/physical placement study, and she renews these arguments on appeal. As we have noted, Nancy brought a motion in April 1996 seeking a custody/physical placement study. The appellate record does not include this motion or a transcript of the hearing on the motion. However, it appears from the parties' appellate briefs and from the transcript of the final divorce hearing that the basis for this motion was § 767.24, which governs custody and physical placement awards in an action affecting marriage.

Apparently at some point during the proceedings on Nancy's April 1996 motion, the family court suggested to Nancy that the prior order may have resolved the custody/placement issue with finality and therefore the court questioned whether § 767.24, STATS., applied. Instead, the court suggested that Nancy's relief may lie under § 806.07, STATS., governing relief from a judgment, or § 767.325, STATS., governing revision of custody/physical placement awards. Therefore, Nancy's subsequent motion relied not only on her original grounds pursuant to § 767.24, but also on §§ 806.07 and 767.325, as solicited by the family court.

In the meantime, Nancy and Michael settled the other issues in the case. This placed the case in an unusual posture: the previously settled custody/placement issue was now in dispute while the

previously disputed issues were now resolved. The family court scheduled the matter as a default divorce hearing but concurrently scheduled a hearing on Nancy's motion.

At the hearing, the family court denied Nancy's motion, ruling that the stipulation and ensuing order represented a final resolution of the custody issues. Based on that determination, the court further ruled that Nancy's motion and supporting allegations did not recite sufficient facts to warrant relief under §§ 806.07 or 767.325, STATS. The court also noted that the stipulation and order allowed for mediation in the event of a disagreement between the parties, not a case study as requested by Nancy. Nancy appeals.

## DISCUSSION

### 1. Section 806.07, STATS.

We first address whether the trial court properly determined the order based on the parties' stipulation resolving the custody/placement issue with finality such that Nancy was obliged to seek relief via § 806.07, STATS. Nancy argues that because the trial court's order was not appealable as a "final order" under § 808.03, STATS.,[1] the order was not final for purposes of § 806.07.

Nancy's argument misses the mark for two reasons. First, whether the order was final for purposes of appeal does not bear upon the validity and enforceability of the order before the trial court. Second, Nancy's motion was for a case study—not mediation as contemplated by the stipulation and order.

---

[1] Section 808.03, STATS., has been amended by 1995 Wis. Act 139, § 1. The changes do not affect our analysis.

The construction of a stipulation is a question of law. *See Duhame v. Duhame,* 154 Wis. 2d 258, 262, 453 N.W.2d 149, 150 (Ct. App. 1989). A stipulation incorporated into a divorce judgment is in the nature of a contract. *See Kastelic v. Kastelic,* 119 Wis. 2d 280, 287, 350 N.W.2d 714, 718 (Ct. App. 1984). When the terms of a contract are plain and unambiguous, we will construe the contract as it stands. *See Borchardt v. Wilk,* 156 Wis. 2d 420, 427, 456 N.W.2d 653, 656 (Ct. App. 1990). We give words in a contract their common and ordinary meaning. *See State ex rel. Siciliano v. Johnson,* 21 Wis. 2d 482, 487, 124 N.W.2d 624, 627 (1963).

Here, Nancy and Michael entered into a stipulation providing for joint legal custody and shared physical placement. Although the divorce proceedings were still pending because other issues remained in dispute, the stipulation resolved the custody/placement dispute with finality, expressly providing that "the Judgment of Divorce when granted shall include" the terms of the stipulation. The family court approved the stipulation and entered an order stating that "the terms of the above Stipulation of the parties shall stand as and for the Order of the Court in each and every respect." At the hearing on Nancy's motion to revise the physical placement order, the trial court made the following findings regarding the stipulation:

> The stipulation is very clear, in my opinion, that the parties had agreed during the pendency of this case that the issues of custody and placement were, in fact, resolved. . . . [I]n the Court's opinion, the only way for Nancy to be relieved of the Stipulation that she agreed to many, many months ago was to, in fact, file a motion under 806.07.

37

We recognize that the facts presented in this case are unusual. In most situations, interlocutory agreements arrived at during the pendency of a divorce are meant by the parties, court commissioners and the trial courts to be temporary only. It is contemplated that they can be disavowed, revisited, renegotiated and relitigated during the pendency of the proceedings. Likewise, interlocutory orders based on such agreements may be relitigated free of the constricts which attend final orders. However, in this case, we agree with the family court in concluding that the plain and unambiguous language of the stipulation as accepted by the court's order indicates that its provisions were intended to reflect the final resolution of the parties' custody and placement disputes. As Michael aptly states in his brief, "[T]he legal effect of the Stipulation and Order of the parties here is no different than if they had entered into the Stipulation on the day they were divorced."

Nancy argues that in spite of the language indicating that the order would be included in the final judgment of divorce, the trial court "should have honored the Orders as previously entered which allowed the parties to seek help from the Waukesha County Family Court Counseling Services." Nancy is referring to language in the stipulation that "[i]n the event of any disagreement between the parties, either party shall apply to the Waukesha County Family Court Counseling Services for mediation." However, Nancy did not seek mediation. Instead, Nancy's letter to the family court commissioner specifically states that she did not believe mediation would be helpful and that she was requesting that "the matter go immediately to a case study."

38

The trial court noted this distinction in its decision stating that, "The parties only agree[d] to go to mediation through Family Court Counseling Service Agency if any disagreements arose. It did not provide, and I stress 'did not' provide, that the parties agreed . . . to go through a study by the Family Court Counseling Service Agency." Thus, Nancy's contention that the trial court acted contrary to the January 19, 1996 order when it denied either party "the opportunity to seek mediation and/or a placement study" is simply incorrect. Although the trial court specifically denied Nancy the opportunity to seek a placement study—which was not provided for under the court's order—it did not deny her the future opportunity to seek mediation to resolve issues surrounding the placement arrangement as set forth in the January 19 order.[2]

██ We affirm the family court's ruling that the parties' stipulation and the court's ensuing order approving the stipulation resolved the custody/placement issue with finality such that Nancy was required to seek relief pursuant to § 806.07, STATS.

## 2. Section 767.325, STATS.

The family court also ruled that Nancy's motion and supporting materials did not demonstrate a basis for relief from the custody/placement stipulation and

---

[2] As an alternative issue, Nancy argues that the trial court erred by ruling that an evidentiary hearing was required before it could grant relief under § 806.07, STATS. We disagree that the court made any such ruling. In fact, the court expressly said that it was not deciding that issue. Instead, the court ruled that the affidavits and other material which Nancy had supplied in support of her motion did not show a basis for such relief. We do not read Nancy's brief to dispute this latter holding.

order pursuant to § 767.325(1), STATS. Nancy's contention is that § 767.24, STATS., not § 767.325, applied to her motion.[3]

In many respects, this issue is a restatement of the issue we have just addressed. Section 767.24, STATS., governs custody and physical placement provisions in a judgment or order entered in an action affecting marriage, while § 767.325, STATS., governs the revision of such provisions. Since we have already concluded that the order in this case was a final resolution of the parties' custody/placement dispute, we conclude that § 767.325 was the applicable statute.[4]

## *CONCLUSION*

We affirm the family court's ruling that the parties' stipulation and the ensuing order resolved the custody/placement dispute with finality. Therefore, the court correctly applied the standards set out in §§ 806.07 and 767.325, STATS., to Nancy's motion seeking relief from the order.[5]

---

[3] In the family court, Nancy argued in the alternative that her motion and supporting affidavits demonstrated a basis for relief pursuant to § 767.325, STATS. We do not read Nancy's brief to renew this argument on appeal.

[4] Therefore, we do not address the parties' further disagreement as to whether § 767.325, STATS., applies to interlocutory orders while an action is pending. Nor do we address which subsection of the statute would apply.

[5] Since Nancy's principal argument was that § 767.24, STATS., applied to her motion, she did not structure her supporting affidavits from the perspective of §§ 806.07 or 767.325, STATS. Therefore, we stress, as did the trial court, that Nancy remains free to challenge the order and to supply evidence under these latter statutes.