JOHNSON, Respondent, vs. ST. PAUL & WESTERN COAL COM-
PANY, Appellant.

*April 13—April 30, 1907.*

*Change of venue: Jurisdiction: Stipulation: Damages: Itemizing in
special verdict: Pleading: Recovery by parent for injuries to
child: Services of wife: Instructions to jury: Excessive dam-
ages.*

1. In an action by a father for loss of services of his infant son
   disabled through defendant's negligence it was stipulated that
   all issues except as to the amount of damages should abide
   and be determined by the result of an action by the infant
   based on the same negligent acts, and that if the infant should
   recover in said action the parties to the action by the father
   should try and submit the question of the amount of damages
   "in the above-entitled court," in which the action by the father
   was pending. Afterwards, in the latter action, defendant filed
   an affidavit of prejudice of the judge for the purpose of ap-
   plying for a change of the place of trial or the calling in of
   another judge, and thereupon, on defendant's motion, the cause
   was sent to another court for trial. *Held,* that defendant
   could not be heard to object that the last-named court had no
   jurisdiction to try the case because of the stipulation.
2. Itemization of unliquidated damages by separate questions in a
   special verdict is, as a general rule, unnecessary; and the re-
   fusal to submit such separate questions in an action for loss of
   services of an infant son is *held* to have been within the dis-
   cretion of the trial court.
3. In an action for loss of services, expenses, etc., by reason of
   plaintiff's infant son having been disabled through defendant's
   negligence, the complaint alleged that the son was struck by
   a swinging block and knocked down into the hold of a vessel,
   resulting in a swelling on his cheek, intense pain, confinement
   to his bed for six weeks, and a concussion of the spine, and
   that the injuries were of a permanent nature, etc. *Held* that,
   giving the complaint a liberal construction, there could be a
   recovery thereunder of all the damages which in law are con-
   sequent upon the breach of duty alleged, and not merely of
   those resulting from the concussion of the spine.
4. For the services of his wife in nursing his infant son injured
   through defendant's negligence, a father may recover an
   amount not exceeding that for which he could have employed
   others to do the work.

5. In an instruction that the father might recover for expenses necessarily incurred in *caring* for his son during the illness resulting from the injury, including medical services, etc., the word "caring" was clearly used as a synonym for "nursing," and the instruction was proper.

6. An award of $1,000 to a father for loss of services of his son during the four and three-fourths years of the latter's minority remaining after he was injured is *held* not excessive.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The defendant appeals from a judgment for $1,422.47 damages and costs in an action by the plaintiff for loss of services of his infant son disabled through the negligence of defendant.

For the appellant there was a brief by *Grace & Hudnall,* and oral argument by *George B. Hudnall.*

*Victor Linley,* for the respondent.

TIMLIN, J. The appellant assigns as error that the trial court had no jurisdiction of the cause, basing that claim upon the fact that during the pendency of an action by the infant against the same defendant to recover for the same negligent acts the parties to this action entered into a written stipulation headed or entitled, "In the Superior Court of Douglas County," and to the effect that all the issues in this case except the issue as to the amount of damages should abide and be determined by the final result of the said action by the infant, and after said judgment in the last-mentioned cause (if in favor of the infant) the parties to this cause should try and submit, upon the pleadings and proceedings as they then stood, the question of the amount of damages in the above-entitled court. Thereafter the defendant filed an affidavit of prejudice against the judge of the superior court, stating therein that the affidavit was made for the purpose of applying for a change of the place of trial or calling in some circuit judge as provided by sec. 2625, Stats. (1898). Upon

this affidavit and motion of the defendant the judge of the superior court sent this cause for trial to the circuit court for the same county, and at the opening of the trial in the circuit court defendant objected to that court proceeding with the trial upon the ground that it had not jurisdiction to hear, try, or determine this cause on account of the stipulation. But the defendant, when it filed the affidavit of prejudice and moved for the change of venue, itself put a construction on the stipulation in question by which it is bound. We cannot presume that the affidavit and motion for change were not made in good faith under the belief that such proceeding was within the purview of the stipulation, and the defendant cannot now be heard to say that there was error in doing that which it requested to have done. We must hold under the circumstances that according to the construction placed upon the stipulation by the defendant and acquiesced in by the plaintiff it permitted a change of the place of trial.

The action mentioned in the stipulation was determined in favor of the infant, and there was therefore nothing to be tried in this cause but the mere question of the amount of plaintiff's damages. No special verdict was requested by the appellant within the time prescribed by sec. 2858, Stats. (Supp. 1906; Laws of 1903, ch. 390), but the trial court did submit a special verdict consisting of one question in these general words: "What sum of money will compensate plaintiff for the damage he has sustained by reason of the injury to his son?" To which the jury answered, "$1,341."

The defendant asked for the submission of other questions to the jury and assigns error because of their refusal. The first of these questions asked for the fact of injury, which was contrary to the stipulation. The second, third, fifth and sixth, and two unnumbered requests calling for the separation of damages accrued up to the time of trial from prospective loss of services were properly refused in the discretion of the circuit court. The fourth, calling for the amount of the an-

nual earnings of the infant paid over to the plaintiff prior to the injury, the seventh, asking the jury to specify the injuries which would cause future disability, the eighth, asking what sum the plaintiff expended for medical attendance and care, and the remaining unnumbered requests, asking the division or itemization of the damages into items for nursing, medical attendance past and prospective, etc., were all properly refused in the discretion of the circuit court. The questions to be submitted for a special verdict should, of course, cover the issuable facts, but beyond this requirement the form of the questions and the degree to which they should go into detail are largely in the discretion of the trial court. *McDougall v. Ashland S.-F. Co.* 97 Wis. 382, 73 N. W. 327; *Schumaker v. Heinemann,* 99 Wis. 251, 74 N. W. 785; *Hebbe v. Maple Creek,* 121 Wis. 668, 99 N. W. 442. As a general rule, no itemization of unliquidated damages by separate questions of the verdict is necessary. *Blesch v. C. & N. W. R. Co.* 48 Wis. 168, 2 N. W. 113.

The complaint averred that a swinging block struck the infant on the cheek and knocked him down thirty feet into the hold of a vessel, where he remained unconscious for some time. It then enumerates as consequences of this (1) a swelling on his right cheek; (2) intense pain; (3) confinement to his bed for six weeks; (4) a concussion of the spine. These are followed by a general averment that the injuries to the infant were of a permanent nature, etc. It is contended that under the stipulation hereinbefore mentioned, and under the general rules of pleading as well, the plaintiff ought not to have been allowed to recover for loss of services, nursing, or medical expenses resulting from anything produced by the injury in question except concussion of the spine. We do not so interpret the scope and meaning of this pleading. The gravamen of the complaint is the wrongful injury to the infant causing disability, causing thereby loss of services and expenses. The disability is not averred to flow alone from con-

cussion of the spine, but from all that was done in knocking the infant into the vessel's hold. We therefore perceive no error in the refusal to charge the jury as requested, or in the charge to the jury as given, upon this construction of the complaint. We feel it our duty under the law to give the complaint a liberal construction to sustain it as a basis for recovery of all the damages which in law are consequent upon the breach of duty averred. *Hart v. Neillsville,* 125 Wis. 546, 104 N. W. 699, and cases in opinion.

Error is assigned because the court refused defendant's request to instruct the jury that the plaintiff was not entitled to recover for the services of plaintiff's wife in nursing the infant, and also because the court did charge the jury in such words as to permit the allowance of this item, as well as other items for caring for, nursing, and medical attendance upon the infant made necessary by the injury in question. If the law regards the right of a father to recover for personal injury to his child merely from the viewpoint of his pecuniary loss of the services or wages of such child, it would seem to follow that his expense in restoring or in attempting to restore the child to a condition in which the child would be able to perform services or earn wages would also be part of his loss, and so we find it adjudged in *Selleck v. Janesville,* 104 Wis. 570, 80 N. W. 944, in the case of a husband suing for loss of services of his wife caused by personal injuries to her, and where the legal right to recover is analogous to that in the case at bar, that the husband may recover the value of his own services in necessary attendance upon his wife, not, however, exceeding the amount for which he could have employed others to do that work. The same rule must apply to the case of a parent seeking to recover his damages for negligent injury to his infant child. His wife's services are his. There was no error in refusing the request under consideration nor in that part of the charge permitting the jury to consider this element of damage.

Objection is made to the use of the words "caring for his son during the illness resulting from the injury." But we regard this word "caring" in this context as a synonym for "nursing." It must be understood to mean the usual attendance upon sick persons which is quite often spoken of as "caring for the sick." Indeed, the learned counsel for appellant who now vigorously criticises the use of this word in the charge of the court himself proposed a question to be submitted to the jury asking them what sum of money, if any, did the plaintiff necessarily expend for medical attendance and *care* of the infant in curing him of said injuries. Here, as in the charge of the court, construing the word with reference to the subject matter of discussion and the context, this meant such care as sick persons require, which is but another way of saying "nursing."

Allowing for the loss of services and nursing, doctor's bill, and money paid for medicine, there was evidence to support the amount of damages awarded. The period of the infant's minority after his injury was four and three-fourths years, and deducting, as counsel for appellant does, $200 for medicine and doctor bill, and deducting $141 for nursing, there would be left $1,000, which divided by four and three-fourths would leave about $210 per year during the period of his minority, which seems not immoderate.

The motion for a new trial was properly denied, and we discover no error in the trial below prejudicial to the appellant.

*By the Court.*—The judgment of the circuit court is affirmed.