KEEHN and others, Respondents, vs. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.

*June 2—September 15, 1936.*

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

*Norman J. Baker* of Milwaukee, for the respondents.

The following opinion was filed June 22, 1936:

Nelson, J. In this action the plaintiffs seek to recover from the defendant company the amount of certain unpaid

rents, taxes, and interest which accrued subsequent to November 1, 1933, under the terms of a certain lease entered into by the present plaintiffs and another, as lessors, and John E. Saxe, as lessee, on November 15, 1923. In another action the plaintiffs recovered from the defendant company the sum of $39,847.67, as liquidated damages for the failure of Saxe, as lessee, to erect a building upon the premises, and for the rents, taxes, and interest which accrued prior to November 1, 1933. See *Keehn v. Saxe,* 219 Wis. 84, 261 N. W. 25, for a statement of the facts upon which recovery was permitted in that action. It will be unnecessary here to restate some of the facts stated there. In that action the plaintiffs were permitted to recover as liquidated damages the sum of $25,000, the full amount of the bond dated November 15, 1923, and were also permitted to recover the sum of $14,847.67, on the bond dated November 22, 1929, based on unpaid rent, taxes, and interest which had accrued up to November 1, 1933. Upon the return of the *remittitur* to the circuit court, judgment was entered pursuant to the mandate of this court. That judgment has been fully paid and satisfied.

The mandate of this court, upon that appeal, was:

"The judgment of the circuit court is modified by reducing the amount thereof from $52,641.66 to $39,847.67 without prejudice to plaintiffs' right, if any, to recover for rent, taxes, and interest accruing subsequent to November 1, 1933. As modified, judgment is affirmed; appellants to have costs on this appeal."

Thereafter this action was commenced for the purpose of recovering certain unpaid rent, taxes, and interest which accrued subsequent to November 1, 1933.

The sole question which requires determination is whether the plaintiffs are entitled to recover from the defendant company on its bond, dated November 22, 1929, the amount of the unpaid rent and taxes which accrued subsequent to the date when Saxe had covenanted the new building would be

erected and paid for, in view of the fact that the plaintiffs have recovered the full amount of the agreed or liquidated damages for failure to erect and pay for the new building agreed to be erected and paid for on or before November 1, 1933.

The bond, dated November 15, 1923, was for $25,000. That bond contained the following proviso:

"But if the lessee shall fail or neglect to begin the erection of said building on or before the date for its completion as hereinbefore set forth [November 1, 1929], on or before the date of the exercise by the lessors of lessors' option last above mentioned, then and in that case the liability of said surety shall be the full sum of twenty-five thousand dollars, which sum shall in such event be due and payable to the lessors as and for liquidated damages, which are hereby liquidated and fixed as damages and not as a penalty."

In *Keehn v. Saxe, supra,* it was held that that proviso, properly construed, was an agreement to pay $25,000 liquidated damages for failure to erect and pay for the new building pursuant to the terms of the original lease as modified by the agreement, dated October 25, 1929, which, among other things, extended the time for the erection of the building to November 1, 1933, with the consent of the defendant company. Under the original lease (paragraph 5) the lessee covenanted and agreed that before the commencement of the dismantling or razing of the building on the south two thirds of the demised premises, etc., he would cause to be executed and delivered to the lessors and thereafter maintain an additional bond executed by him as principal and a solvent surety company, duly licensed in this state, as surety, in the sum of $10,000 *"conditioned for the erection and completion of such new building on said demised premises,* on or before the 1st day of November, 1929, and the payment therefor in full before said date, and further conditioned for the payment of rent and other sums of money payable to said lessors and the

performance of all covenants, agreements, and conditions on the part of the lessee to be paid, kept, and performed until the completion of and payment for said building," etc.

The agreement contained in paragraph 5 of the lease was modified by the contract, dated October 25, 1929, to read as follows:

"It is further agreed that thereupon the time within which said lessee must erect and complete a new building on said demised premises in accordance with the provisions of section numbered 4 of said lease, which now expires November 1, 1929, shall be and is hereby extended to November 1, 1933; and that before commencing to tear down or remove the buildings now upon said demised premises, or either of them, said lessee shall give to said lessors an additional bond in the sum of $25,000, executed by a surety company licensed to do business in Wisconsin, in lieu of the $10,000 bond required to be given in section numbered 5 of said lease, and conditioned as provided therein (*except for the construction and completion of such new building on or before November 1, 1933*)."

The bond dated November 22, 1929, which was furnished pursuant to the terms of the modified agreement just hereinbefore recited, and under which recovery is sought, was for $25,000. It contained the following recital:

"Whereas, the said agreement of October 25, 1929, among other things, provided that before commencing to tear down or remove the buildings on the demised premises or either of them, the lessee shall give to the lessors an additional bond in the sum of twenty-five thousand dollars ($25,000) executed by surety company licensed to do business in Wisconsin, in lieu of the ten thousand dollar ($10,000) bond required to have been given under section 5 of said lease, conditioned as provided therein (*except for the construction and completion of such new building on or before November 1, 1933*); and lessee is desirous of now performing the existing condition precedent to his right to raze and remove the buildings and improvements now on the demised premises, by giving to the lessors the bond last above referred to."

The obligation of that bond is as follows:

"Now, therefore, the condition of this obligation is such that if the said John E. Saxe, as lessee under said·lease as amended, shall erect upon said demised premises the new, modern, fireproof building covenanted to be completed and erected thereon before the 1st day of November, 1933, of at least the value of said lease provided, in accordance with all of the conditions, covenants and agreements therein expressed, and shall fully complete such buildings and fully pay the entire cost and expense thereof within the time last above limited; and until the completion of said building and the payment therefor in full as so provided shall duly pay to said lessors, their respective heirs, executors, administrators or assigns, all rent covenanted to be paid in and by said lease as amended, and at the time and place and in the manner therein specified, and likewise all other sums of money therein covenanted to be paid by said lessee as therein provided, and shall duly observe, keep and perform, all and singular, the covenants, agreements and conditions therein contained, on his part to be observed, kept and performed, during that portion of the term of said lease from the date hereof to the time of the completion of and payment of such new building as aforesaid, then this obligation shall be void; otherwise it shall be and remain in full force and virtue."

In the former action, *Keehn v. Saxe, supra,* the plaintiffs sought to recover damages based on the loss of security resulting from the failure of the defendant Saxe to erect the new building. The circuit court permitted a recovery on that basis, in an amount which greatly exceeded the amounts of both $25,000 bonds. Upon appeal this court disapproved of the damages so measured, and held that the parties had agreed that upon the failure or neglect of Saxe to begin the erection of the new building on or before the date specified for its completion that the damages should be $25,000 "liquidated and fixed as damages and not as a penalty."

As before stated, the plaintiffs have recovered and have been paid the full amount of the liquidated damages to which

they were entitled upon the failure of Saxe to erect and pay for the building within the time specified.

Notwithstanding the fact that the plaintiffs have recovered the sum of $25,000, the amount specifically agreed to by the parties as the amount of the liquidated damages for failure to erect the building, they seek to recover from the defendant company additional damages based on unpaid rents, taxes, and interest which have accrued since November 1, 1933. This, in our view, the plaintiffs may not do. It is clear that had the building been erected and paid for prior to November 1, 1933, there could be no liability on either of the bonds, except for rents, taxes, etc., which had accrued prior to that time and which had not been paid. The liquidated damages which the parties agreed should be paid upon failure of Mr. Saxe to erect and pay for the building was $25,000. Whether or not events subsequent to the time the lease and the contract modifying it were entered into have revealed that the amount of the liquidated damages was inadequate is of no materiality. As was said in *Grant M. Co. v. Marshall & Ilsley Bank,* 166 Wis. 547, 555, 165 N. W. 14:

"Where there is such a feature [difficulty in the ascertainment of actual damages] and the parties intended to agree upon liquidated damages, it is the duty of the court to enforce it though it may appear somewhat harsh. Parties have a right to make harsh provisions in their contracts if they see fit."

The plaintiffs contend that the intention of the parties, as expressed in the lease, agreement modifying it, and the bond, was that the plaintiffs should be secured for the failure of Mr. Saxe, the lessee, to erect the new building on or before November 1, 1933, and that the plaintiffs should be secured for the payment of the rents, taxes, etc., up to the limit of the bonds, regardless of whether the plaintiffs elected to sue for and collect the full amount of the agreed or liquidated damages resulting from the failure of Saxe to erect the building

prior to November 1, 1933. The plaintiffs contend that this intention is clear when the following language, found in the second bond, is given force and effect:

"And until the completion of said building and the payment therefor in full as so provided shall duly pay to said lessors, their respective heirs, executors, administrators or assigns, all rent covenanted to be paid in and by said lease as amended, and at the time and place and in the manner therein specified, and likewise all other sums of money therein covenanted to be paid by said lessee as therein provided, and shall duly observe, keep and perform, all and singular, the covenants, agreements and conditions therein contained, on his part to be observed, kept and performed, *during that portion of the term of said lease from the date hereof to the time of the completion of and payment of such new building* as aforesaid, then this obligation shall be void; otherwise it shall be and remain in full force and virtue."

In ascertaining the intent of the parties, the lease and the agreement and the bonds must all be taken into consideration and construed together. So construing them, it is our opinion that they provide for liquidated damages for failure to erect the building as agreed, that they also provide for damages resulting from the failure of Saxe to pay the rents, taxes, etc., up to the time that it was agreed the building should be completed and paid for; that the liquidated damages recovered by the plaintiffs stand in lieu of and in place of the building, agreed to be erected, and that the plaintiffs, having recovered liquidated damages and the full amount of the unpaid rent, taxes, and interest up to the time when the liquidated damages took the place of the building to be erected, the plaintiffs can recover nothing more upon the bonds.

It is contended that the mandate of this court in *Keehn v. Saxe, supra,* contains the implication that the plaintiffs are entitled to a further recovery under the bonds. That construction, while in a way permissible, is not what this court

sought to cover by its mandate. It will be remembered that in the first action the defendant Saxe was a party to the action and was an appellant in this court represented by his own counsel, that no re-entry pursuant to the terms of the lease had been made by the plaintiffs, and that the lease was still in full force and effect, so far as Saxe was concerned, except as to the provisions relating to the erection of the building. It was to that situation that the language of the mandate was intended to apply so as to preserve the rights of the plaintiffs as against Saxe in case they did not re-enter the premises.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint against United States Fidelity & Guaranty Company.

FRITZ, FAIRCHILD, and WICKHEM, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.