UEBELACHER and another, Appellants, vs. PLANKINTON PACKING COMPANY, Respondent.
DAVIS, Appellant, vs. SAME, Respondent.

*May 13—July 1, 1947.*

*A. W. Richter* of Milwaukee, for the appellants.

*Quarles, Spence & Quarles* and *Richard S. Gibbs,* all of Milwaukee, for the respondent.

ROSENBERRY, C. J. (*on motions to dismiss appeals*). The judgment in the above-entitled matter was entered September 20, 1946. On March 11, 1947, the plaintiffs, Anton Uebelacher, William Zimmerman, and A. B. Davis appealed "from that part of the judgment in the above-entitled case which denies them and each of them overtime wages." The defendant moves to dismiss the appeals on the ground, among others, that prior to the service of notice of appeal the appellants had been paid the amounts due them and each of them on the judgments, and each of them had executed a satisfaction in the following terms:

"The judgment entered in the above-entitled action and docketed in said court on the 20th of September, 1946, in favor of the plaintiff and against said Plankinton Packing Company for the amount due having been duly paid and satisfied, the clerk of said court is hereby authorized to satisfy and discharge said judgment of record."

The satisfactions were separately executed and filed in the office of the clerk of the circuit court for Milwaukee county.

An examination of the record discloses that the several actions were consolidated. On August 29, 1946, the trial court filed its findings of fact in which, among other things, the court found the actual net overtime hours for each of the appealing plaintiffs for which they had not received compensation. On the basis of this finding the plaintiff Anton Uebelacher had judgment for the sum of $579.26, the plaintiff William Zimmerman had judgment for $3,505.82, and the plaintiff A. B. Davis had judgment for $1,951.59.

The matter of waiving appeal by accepting the benefit of a judgment was fully reviewed in *Fiedler v. Howard* (1898), 99 Wis. 388, 398, 75 N. W. 163, upon which the appellants rely. However, in that case the court said:

"The money paid her was not paid under any circumstances of accord and satisfaction of the judgment, or under any conditions of the judgment that induced the plaintiff to make such payment."·

In this case at bar no relief could be granted by this court upon appeal except by a reversal or modification of the judgment appealed from, which has been fully paid and satisfied.

The general rule is stated in *Rasmussen v. Schweizer* (1927), 194 Wis. 362, 368, 216 N. W. 481, as follows:

"If the benefit received is dependent upon, or was granted as a condition of, the order or judgment attacked, clearly the party ought not to be permitted to carry on his warfare.  But if the conditions of the order or judgment under which he is · granted a favor are independent and separable from those sought to be overturned, there seems to be nothing in reason or justice to prevent him from seeking to vindicate in the appellate court the right denied him in the trial court."

It is considered upon this motion that the appellants by accepting payment of and satisfying their respective judgments waived their right to have the judgments so paid and satisfied reversed or modified.   29 L. R. A. (N. S.) note p. 1.

There could be no appeal from that part of the judgment which denies them overtime wages for the reason that no such clause is to be found in the judgments entered.   The judgments are in the following form:

"That the plaintiff, Anton Uebelacker, recover of the defendant, Plankinton Packing Company, the sum of two hundred sixty-eight and 59/100 dollars ($268.59) for overtime pay due him under the Fair Labor Standards Act of the United States and an equal amount as liquidated damages, making a total of five hundred thirty-seven and 18/100 dollars ($537.18) together with interest on ·said sum at five (5) per cent per annum from February 23, 1945, the date of the commencement of this action in the amount of forty-two and 08/100 dollars ($42.08), making a total of five hundred seventy-nine and 26/100 dollars ($579.26)."

If the appeal is not from the judgment then there is no appeal because no part of the judgment denies the appellants anything. For the reasons stated the motion to dismiss the appeals is granted.

*By the Court.*—Appeals dismissed.