WYANDOTTE CHEMICALS CORPORATION and another, Appellants, v. ROYAL ELECTRIC MANUFACTURING COMPANY, INC., and others, Respondents.

*No. 277. Submitted under sec. (Rule) 251.54 January 7, 1975.—*
*Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 648.)

The cause was submitted for the appellants on the brief of *Kenneth M. Kenney* and *Wolfe, O'Leary, Kenney & Wolfe,* all of Milwaukee.

The cause was submitted for the respondent Royal Electric Manufacturing Co., Inc., on the brief of *James P. Brennan* and *Simarski, Goodrich, Brennan & Stack,* all of Milwaukee; for the respondent Thomas Electric Service, Inc., on the brief of *Robert J. Merklein* and *Crowns, Merklein, Midthun, Hill & Metcalf,* all of Wisconsin Rapids; and for the respondent Charles E. Schuler Engineering Company on the brief of *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* attorneys, and *Richard C. Ninneman* and *Michael T. Hart* of counsel, all of Milwaukee.

CONNOR T. HANSEN, J. The principal issue on this appeal relates to that portion of the judgment which denied the plaintiffs' demand for preverdict interest. There is no dispute as to the amount of the actual damages. The damage question in the special verdict was answered by the trial court pursuant to stipulation of the parties. Also, no issue is raised as to the rights of any insurer.

The damage to the property occurred on May 17, 1967. After a five-day jury trial, the jury returned their special

verdict on December 8, 1972. Royal and Thomas were subcontractors engaged in the installation of some equipment fabricated by Schuler. The damage to plaintiffs' property arose during the installation of this equipment.

The action was originally commenced against Royal and Thomas. Schuler was subsequently impleaded as a third-party defendant by Royal. Approximately one month before the trial, on motion of the plaintiffs, the court ordered that Schuler be made a principal defendant. The plaintiffs alleged the three respondents were jointly and severally liable. Royal, Thomas and Schuler denied liability.

The jury found each of the three respondents causally negligent, and attributed 25 percent of the causal negligence to Royal, 25 percent to Thomas, and 50 percent to Schuler.

Following entry of the judgment on April 9, 1973, the defendants paid the amount due to the clerk of courts. Pursuant to an Order Correcting Clerical Omission In Judgment, the judgment was amended on May 7, 1973, to specifically reflect the denial of preverdict interest. The clerk then applied the defendants' payments to the judgment, satisfying the same on May 30, 1973.

The plaintiffs claim that the actual amount of the damages became liquidable, certain, and capable of determination on November 16, 1967, and that appropriate demand for payment was made on that date. There does not appear to be a material dispute as to these facts, especially as to Royal and Thomas. In this case, however, the dispute goes to the question of the respective liability of the three respondents and the apportionment of causal negligence, if any, among them.

The recent decision of *Dahl v. Housing Authority of the City of Madison* (1972), 54 Wis. 2d 22, 194 N. W. 2d 618, considered the question of preverdict interest and cited *Laycock v. Parker* (1899), 103 Wis. 161, 79 N. W. 327.

In *Laycock v. Parker, supra,* this court, after review of prior case authority, set forth the basic rules governing the recovery of preverdict interest. In *Laycock* it was noted that originally interest was recoverable only as a penalty or punishment for the wrongdoer's refusal to pay liquidated damages which were legally due. *Laycock, supra,* page 179. It was recognized, however, that more recent legal authorities had come to regard interest not just as a penalty but as an element of compensation necessary to make the injured party whole. This trend in the law paralleled the growing acceptance in the commercial world of interest as a measure of the time value of money. *Laycock, supra,* pages 179–181. Thus, it was determined by this court that the awarding of interest should not be strictly limited to the instance of liquidated damages, but should also extend to those cases where the amount of damages is determinable, *i.e.,* where "there be a reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes . . . ." *Laycock, supra,* page 186. Applying that rule to the facts in *Laycock,* this court awarded prejudgment interest where the items of damage claimed involved the costs of materials and labor necessary to complete a building.

While this standard was an extension of the rule as theretofore applied, the rule was a compromise between the two conflicting theories of interest recovery. The idea that interest was recoverable only in the instance where the money was wrongfully withheld from the injured party was not totally abandoned. Rather, in accommodating the view that interest was recoverable as an element of compensation, this court expanded the notion of what conduct was wrongful by placing on the withholding party the duty of ascertaining the value of the damages where an adequate standard of measurement was available reasonably permitting him to do so. The fact that this court still considered the rights of the withholding party as

being important was specifically noted when it was stated in *Laycock, supra,* pages 186, 187:

". . . If one having a commodity to purchase or certain services to hire can by inquiry among those familiar with the subject learn approximately the current prices which he would have to pay therefor, a market value can well be said to exist, so that no serious inequity will result from the application of the foregoing rule to those who desire to act justly; especially in view of the other rule of law that a debtor can always stop interest by making and keeping good an unconditional tender, thus giving him a substantial advantage over a creditor, who has no such option."

Cases decided subsequent to *Laycock,* while expressly relying on the theory that interest can be recovered as an item of compensatory damages, have followed a middle ground between the two conflicting policies.

In *Necedah Mfg. Corp. v. Juneau County* (1932), 206 Wis. 316, 237 N. W. 277, 240 N. W. 405, this court permitted recovery of preverdict interest in a negligence case where the damages claimed involved items of property destroyed by fire for which there was a reasonably certain standard for valuation available to the defendant before trial. The items had been assigned tax values which were essentially the same as the values ultimately found by the jury. So too, in *Maslow Cooperage Corp. v. Weeks Pickle Co.* (1955), 270 Wis. 179, 70 N. W. 2d 577, and *Giffen v. Tigerton Lumber Co.* (1965), 26 Wis. 2d 327, 132 N. W. 2d 572, this court permitted the recovery of prejudgment interest where in each case it was shown that there was some available means by which the withholding party could determine the amount owed so that that amount could be tendered and interest halted. Moreover, in *De Toro v. DI-LA-CH, Inc.* (1966), 31 Wis. 2d 29, 142 N. W. 2d 192, it was recognized that interest was recoverable on an otherwise liquidable claim despite the existence of an unliquidated setoff, counterclaim or crossclaim. Essential to *De Toro* is the notion that an inde-

pendent claim in the form of a setoff, counterclaim or cross-claim does not in itself affect the value of the damages being withheld from the injured party but merely results in the mathematical crediting of one independent claim against a competing independent claim after each has been fully established to the satisfaction of the court.

On the other hand, a claim of prejudgment or preverdict interest has been denied in cases where the value of the amount withheld was "determinable" under the standard *Laycock* test but where *some other factor* prevented the withholding party from determining the amount which should be tendered in order to avoid preverdict interest.

Thus, in *Luber v. Milwaukee County* (1970), 47 Wis. 2d 271, 177 N. W. 2d 380, this court held that prejudgment interest could not be recovered on a claim for lost rental where the parties disputed the constitutionality of the statute under which the plaintiff's claim was computed. More recently, in *State ex rel. Schilling & Klingler v. Baird* (1974), 65 Wis. 2d 394, 222 N. W. 2d 666, this court determined that prejudgment interest could not be recovered where, among other reasons, the parties disputed whether the law required that the county be credited with the earnings of the discharged employees during the period of discharge in computing the amount of back pay owed under a court-ordered reinstatement. The credit in that case, which legally defined the amount of damages recoverable in the action, was distinguished from a setoff, counterclaim or cross-claim, such as that with which the *De Toro Case* was concerned. An additional case which fits this category is *City of Franklin v. Badger Ford Truck Sales* (1973), 58 Wis. 2d 641, 657, 207 N. W. 2d 866. In that case the damages were stipulated prior to trial. There was no claim that the damages, in the traditional *Laycock* sense, were not liquidated or liquidable. Prejudgment interest was denied, however, because the

suit was instituted against three parties alleging joint liability and thus it would have been impossible, prior to the judgment, for any individual party to determine the portion of the claimed damages for which it would be liable so that the amount could be tendered and interest stopped. The issue presented in *City of Franklin* was more than a denial of liability by a withholding party; a factor which has never been recognized as sufficient to defeat a claim for prejudgment interest, *Laycock, supra*. Also involved was the question of how the liability for the damages was to be apportioned among the three joint tortfeasors.

The above cases demonstrate that the process of balancing the right of the injured party to receive full compensation for his injury against the right of the withholding party to be free of a claim for interest where his refusal to pay the claim is legally justifiable, has not stopped with the *Laycock* adoption of the compensation view of interest recovery. Because many of the above decisions have been couched in the liquidable or determinable language of the *Laycock* decision, those terms have acquired a slightly different meaning than that derived from their application to the narrow facts of *Laycock*. A claim which is not determinable may now be one like that presented in the *Luber, Schilling* and *Franklin* line of cases as well as a claim for which there is no reasonably certain standard of measurement by which one can ascertain the amount he owes.

Another line of cases has developed involving claims for prejudgment interest which are based upon policy considerations. A leading case in this area is *Congress Bar & Restaurant v. Transamerica Ins. Co.* (1969), 42 Wis. 2d 56, 71, 165 N. W. 2d 409. In that case a claim for prejudgment interest was denied for the reason that the damage claim submitted by the injured party was nearly double that which he was able to prove at trial.

In so holding, this court initiated the rule that prejudgment interest would be denied in a case where the damage claim was substantially inflated and a genuine dispute existed between the parties as to the amount due. In the subsequent case of *Dahl v. Housing Authority of the City of Madison, supra,* it was specifically noted that the "genuine dispute" rule grew out of the desire of this court to discourage grossly inflated or overstated claims and that under the rule, this court could view the ultimate recovery with hindsight to determine if the original claim was grossly inflated. This approach was then used in the *Schilling Case* as further reason for the denial of prejudgment interest where it appeared that the discharged employees had claimed recovery for their full back pay unreduced by a credit for wages earned during the discharge period, which credit was granted the county by the trial court and by this court.

With this review of the decisions of this court relating to the issue of preverdict interest, we now consider the claim of the plaintiff in this case.

The defendants first assert that preverdict interest is not recoverable in the present case under the rule of *City of Franklin v. Badger Ford Truck Sales, supra.*

The plaintiffs attack the application of the *Franklin Case* to the present case on two grounds. It is first asserted that that case is not consistent with the policy announced in *Laycock* which provides for recovery of interest as an item of compensation in cases where the damages are liquidable. While a reasonable argument is made by the plaintiffs that *Franklin* provides an inequitable rule in that it differentiates between a case where the plaintiff sues multiple parties rather than just a single party, on the other hand, it must be recognized that the plaintiff exercises initial control over the number of parties against whom suit is brought, thus no great inequity results. Moreover, it is only by acceptance of the

view that injured parties' rights to full compensation are of paramount consideration that the result argued for by the plaintiffs can be justified. However, this court has never subscribed to that belief. *City of Franklin v. Badger Ford Truck Sales* represents only one aspect of the cases in which this court has denied interest recovery where the withholding party had no means available to determine that amount which he had to tender in order to prevent interest from accruing.

The plaintiffs further attempt to distinguish *Franklin* on the basis that the present case can be treated as though only Royal had been sued. It is argued that this treatment is warranted because the negligence of Thomas and Schuler can be imputed to Royal, presumably because even though Thomas and Schuler were independent contractors, the activity of installing the equipment was inherently dangerous and placed upon Royal a nondelegable duty to insure that the installation of the equipment was not done negligently. The trial court, on motions after verdict, refused to make, the requested imputation, and we agree with this determination.

Assuming for purposes of argument that the record of the negligence trial in this case, which is not part of the record before this court, would show facts sufficient to permit such an imputation, we are of the opinion that the plaintiffs' claim for interest would not be made more meritorious by such a showing. If the plaintiffs are correct then the burden placed on Royal to determine the amount which it must tender upon demand in order to avoid a preverdict interest claim is even more onerous than that placed on the individual defendants in *Franklin*. Royal would not only have to speculate as to its liability for its own acts, but also the extent to which the negligence of the other parties would be imputable to it. Also, the plaintiffs in this case, prior to the verdict, neither alleged nor requested an imputation of liability but con-

sistently sought recovery from multiple defendants in the alternative or as joint and several tort-feasors. Plaintiffs wish to have the best of both worlds by joining as many parties as possible, seeking joint and several liability, but yet, having obtained a joint recovery, they claim that the action can now be treated as if they had sued Royal alone. Whether the proof at trial was sufficient to sustain the theory of imputation need not be considered here. It is sufficient to state that at no time until motions after verdict did the plaintiffs ever notify Royal, by pleadings or otherwise, that they looked solely to it for recovery of all of the alleged damages. Having sought and obtained recovery from multiple defendants, the plaintiffs are bound by that theory in regard to their claim for pre-verdict interest.

The defendants assert that the pretrial "stipulation" as to damages also precludes the plaintiffs from recovering preverdict interest in this case. The following excerpt from the record reflects the pertinent part of the stipulation which leads the defendants to make this assertion:

*"The Court:* It is stipulated by and between the parties to this action that the amount of damages claimed by the plaintiffs, Wyandotte Chemical and Centennial Insurance, is $36,375.02, . . ."

It is submitted by the defendants, and not disputed by the plaintiffs, that following this "stipulation" there was no attempt at trial to offer any proof of damages, nor was there any mention of preverdict interest at the time of the "stipulation" or during the trial, and that that issue was not raised with the trial court until motions after verdict even though preverdict interest was demanded in the complaint.

The plaintiffs contend that the "stipulation" was only an acknowledgment by the defendants as to the amount of the reasonable repair costs and was not intended to pre-empt the additional claim for interest made in the complaint.

The trial court ruled that the damages in this case had been settled by stipulation and that to permit the claim for preverdict interest would be to expand the stipulation in an unintended manner. The trial court further reasoned that if the interest claim were allowed it would greatly discourage the making of stipulations.

Sec. 269.46, Stats., governs the taking and validity of stipulations and provides, in relevant part:

"**269.46 Relief from judgments, orders and stipulations; review of judgments and orders.** (1) . . .
"(2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes . . . ."

This court has held that a record of a stipulation made by the official reporter constitutes sufficient entry in the minutes to satisfy the requirements of this section. *Pasternak v. Pasternak* (1961), 14 Wis. 2d 38, 109 N. W. 2d 511. Generally then, oral stipulations made in open court, taken down by the reporter, and acted upon by the parties and the court are valid and binding. *Schmidt v. Schmidt* (1968), 40 Wis. 2d 649, 162 N. W. 2d 618. Such stipulations are in the nature of a contract, *Schmidt v. Schmidt, supra; State ex rel. Southern Colonization Co. v. Circuit Court* (1925), 187 Wis. 1, 203 N. W. 923, and, according to the interpretation placed thereon, are binding on the parties on appeal, *Johnson v. St. Paul & Western Coal Co.* (1907), 131 Wis. 627, 111 N. W. 722. This is so even as the stipulation relates to damages where subsequent events have shown the damages, as stipulated, to be inadequate. *Keehn v. United States Fidelity & Guaranty Co.* (1936), 222 Wis. 410, 268 N. W. 127.

The question remains as to whether the stipulation as to the amount of actual damages, without express reservation of the claim for preverdict interest, forecloses a claim for such interest asserted in the complaint and again after verdict.

In *Kleinschmidt v. Aluminum & Bronze Foundry* (1956), 274 Wis. 231, 79 N. W. 2d 802, there was a pretrial stipulation between the parties which provided that a third party should submit an appraisal of the fair and reasonable charge for the amount of work done and materials used, and that the parties would accept the amount so designated as a final settlement of the issue. In construing that stipulation, the court determined that the issue settled was the amount of damages recoverable and that the stipulation barred any subsequent recovery for prejudgment interest in addition thereto.

While the plaintiffs claim that the language of the stipulation in the *Kleinschmidt Case* makes that case distinguishable from the present case, the two cases are indistinguishable in principle. As previously stated, this court has not adopted the compensation theory of prejudgment interest recovery without qualification. That is, the claim for prejudgment interest does not spring automatically from the wrong giving rise to the original injury, but rather finds some of its roots in a subsequent and unjustified withholding of liquidated or liquidable damages. However, in one regard the compensation theory has been wholly adopted. Thus it has been said that when prejudgment interest is recoverable, it is to be considered an item of compensatory damages, not a separate penalty. *Employers Mut. Liability Ins. Co. v. Derfus* (1951), 259 Wis. 489, 49 N. W. 2d 400; *Necedah Mfg. Corp. v. Juneau County, supra; Laycock v. Parker, supra. Kleinschmidt* and the present case both represent a situation where the stipulation was not limited to specific items of damage but by its terms purported to resolve the entire issue of compensatory damages.

The defendants, in meeting the claim of the plaintiffs that the interest claim is not within the scope of the stipulation, have asserted a claim which we deem to be too broad. It is their contention that not only is the interest claim an element of compensatory damages, but

one inseparable from all other such items. While there is some authority for this position as regards the law of other jurisdictions, 45 Am. Jur. 2d, *Interest and Usury*, pp. 258–260, secs. 339–341, this court has not prohibited a claim for prejudgment interest brought in the same action as the claim for the principal amount due, even where there has been a stipulation as to the principal amount, so long as the stipulation is clearly limited to resolving a dispute as to the principal amount as a separate item of damages. *See, e.g., State ex rel. Schilling & Klingler v. Baird, supra.*

In the absence of a stipulation that is clearly limited to settling the dispute only as to the principal amount due or absent some other express reservation of the claim for preverdict interest in the face of a stipulation which purports to resolve the entire damage question, the interest claim is disposed of by the stipulation. As the present stipulation was not so clearly limited, and there was no express reservation of the claim, the plaintiffs are bound by that stipulation and are thereby precluded from asserting their interest claim.

The plaintiffs also argue that the similarity between the amount of damages recovered and the amount claimed show that the damages were liquidable. The defendants argue, and the trial court found, that despite the similarity, there was a genuine dispute as to the amount of damages claimed. Thus, the attempt is made to bring this case under the doctrine of *Congress Bar & Restaurant v. Transamerica Ins. Co., supra.*

As we have stated, *Congress, supra,* was decided on the basis of a policy against encouraging grossly inflated demands by plaintiffs. *See: Dahl v. Housing Authority of the City of Madison, supra,* pages 30–33. As the *Dahl Case* stated, comparison of the amount recovered with the amount claimed can often aid this court in determining whether the amount claimed was liquidable, at least when retrospectively viewed. The test, however, is in

addition to that set forth in *Laycock* and is of more assistance in eliminating the overstated, nonliquidable claim than in determining whether the claim was liquidable where the claim and the award coincide. Even less reliable is the attempt to apply the *Congress* test to a case where the damages are based on a stipulation. In such a case it must be considered that factors other than a concession on the amount of damages may have motivated the wrongdoer to enter into the stipulation. That, of course, is the situation in the present case, and for the reasons given, the *Congress* rule has no application and is not dispositive of the issue in this case.

We conclude the trial court properly denied the claim of the plaintiffs for preverdict interest.

### Benefit of judgment.

The defendants also claim that since the plaintiffs accepted payment of the amount due them under the judgment and permitted the clerk of the court to satisfy the judgment before they commenced their appeal on the issue of preverdict interest, they have waived their right to appeal. We do not agree.

As a general rule, it has been held that if a benefit received is dependent upon, or was granted as a condition of, the order or judgment attacked, the party ought not to be permitted to carry on his warfare. *Uebelacher v. Plankinton Packing Co.* (1947), 251 Wis. 87, 28 N. W. 2d 311; *Rasmussen v. Schweizer* (1927), 194 Wis. 362, 216 N. W. 481. However, it has been held that if the conditions of the order or judgment under which the person is granted a favor are independent and separable from those sought to be overturned, then he may appeal a right denied in the trial court. *Uebelacher v. Plankinton Packing Co., supra; Rasmussen v. Schweizer, supra.* It has also been said that where a party is entitled to a

certain sum absolutely under a judgment, he is not, by accepting that money, precluded from prosecuting an appeal which does not involve a reversal of that part of the judgment or the decree under which he takes the money. *Fiedler v. Howard* (1898), 99 Wis. 388, 75 N. W. 163; 4 C. J. S., *Appeal & Error,* p. 647, sec. 215; 4 Am. Jur. 2d, *Appeal and Error,* p. 748, sec. 253. After lengthy discussion of the prior case law, the general rule and its exceptions, this court in *Fiedler v. Howard, supra,* page 398, concluded:

". . . It is only when the appellant stands in the attitude of holding the fruits of the judgment to which he may not be entitled if his appeal succeeds that the rule stated applies. . . ."

Subsequent to the *Fiedler Case* two general fact situations demonstrate those kinds of cases in which there is no right to appeal. One is the type of case where the judgment or order is expressly conditioned upon the payment of a certain sum which is tendered and accepted, *i.e.,* the motion will be granted upon the payment of a certain amount of costs. *See, e.g., Schleif v. Karass* (1952), 260 Wis. 391, 51 N. W. 2d 1. In the other line of cases, the appeal required this court, by the nature of the relief requested, to undertake a determination which would affect not only the part of the judgment or order appealed from but also that part under which the benefit had already been tendered and accepted. *See, e.g., Uebelacher v. Plankinton Packing Co., supra; Will of Hill* (1953), 264 Wis. 410, 59 N. W. 2d 437, 60 N. W. 2d 254. The present case does not come within the concept of either of the above situations. The judgment is in no way conditional and the review sought does not affect that part of the judgment under which the benefit has already been tendered and accepted.

This court has recognized that a right to appeal exists where the court is able to conclude either that it would

be impossible on appeal to reduce the amount of the benefit already accepted, *see, e.g., Puffer v. Welch* (1911), 144 Wis. 506, 129 N. W. 525, and *Grand Rapids v. Bogoger* (1910), 141 Wis. 530, 124 N. W. 659, or that the two portions of the judgment are so independent that the benefit received by resolution of the one could not be affected by a contrary resolution of the other. *Rasmussen v. Schweizer, supra.* Under the facts of this case, we conclude the two claims or benefits are separable.

This is not a case where the creditor accepts payment in discharge of the debt and fails to make any reservation of claim for interest. In the case at bar, the plaintiffs expressly made known their claim for interest prior to acceptance of the principal amount due on the judgment, both in the demand of the complaint and in motions after verdict. The plaintiffs also had the judgment modified in compliance with the mandate of this court in *Uebelacher, supra,* to reflect the express denial of their claim by the trial court. Nor was this a separate action for interest brought after satisfaction of the debt. Finally, satisfaction of the judgment by the clerk was necessary after the debtors paid the amount of the judgment into court, and the plaintiffs did not avail themselves of the provisions of sec. 270.93, Stats.

The decision of the trial court to grant or deny preverdict interest has no bearing on the determination of the amount of reasonable and necessary expenses incurred in restoring the property.

A final contention is made by Schuler alone. Schuler correctly states that Wisconsin law requires as a prerequisite for recovery on a claim for preverdict interest, that a demand must be made upon the party sought to be held liable that the damages be paid. *Necedah Mfg. Corp. v. Juneau County, supra,* page 335; *Laycock v. Parker, supra,* page 188. It is contended, without contradiction by the plaintiffs or the record that no demand for payment was made on Schuler until Schuler was joined in

the action as a defendant on November 15, 1972, less than one month before the trial. The claim for preverdict interest by the plaintiffs dates from November, 1967, the date upon which it is alleged that demand was made of Royal and Thomas. Schuler asserts that the plaintiffs have at best made only a perfunctory claim against it for the interest and requests that this court, in its discretion, impose double costs against the plaintiffs in favor of Schuler. We decline the request for imposition of double costs.

*By the Court.*—Judgment affirmed.