Bonnie J. NELSON and David Nelson, Plaintiffs-Appellants,

v.

The TRAVELERS INSURANCE COMPANY, Nicholas Behling, d/b/a Behling's Sewage Disposal, and Lawrence Borchardt, Defendants-Respondents.†

Court of Appeals

*No. 80-273. Submitted on briefs August 11, 1980.—
Decided September 15, 1980.*
(Also reported in 299 N.W.2d 257.)

For the appellant, the cause was submitted on the briefs of *Alan M. Clack* and *Thompson & Coates, Ltd.,* of Racine.

For the respondent, the cause was submitted on the brief of *Robert D. Sullivan* and *Riordan, Crivello, Sullivan & Carlson,* of Milwaukee.

Before Decker, C. J., Moser, P. J., and Cannon, J.

CANNON, J.   This action arises out of an automobile accident. In the first trial, the jury returned a special verdict finding plaintiff, Bonnie Nelson, 25% causally negligent and defendant, Nicholas Behling, 75% causally

† Petition to review granted.

negligent. The total damages awarded plaintiff were $25,650. On appeal the supreme court reversed and remanded the case for a new trial on the liability issues. In the second trial, the jury found the defendant to be 80% causally negligent, and the plaintiff to be 20% causally negligent. On motions after verdict in the second trial, plaintiffs requested that interest be awarded on the net amount, $20,520 (the damage award, $25,650, reduced by the sum attributable to the plaintiff's contributory negligence, $5,130) owing from the date of the first verdict, December 23, 1974. The trial court denied plaintiffs' motion, and ordered that judgment be entered reflecting interest from the date of the second verdict, August 24, 1979. Judgment was entered January 21, 1980. Plaintiffs appeal from that part of the judgment assessing interest only from the date of the second verdict. We affirm.

The single issue presented for our determination is whether prejudgment interest is inappropriate until the date of the second verdict, when the jury determined what proportion of causal negligence, if any, was attributable to the plaintiff. We find no error in the trial court's determination that interest was only assessable from the verdict in the second trial.

On appeal, plaintiffs argue that sec. 814.04 (4), Stats.,[1] requires that interest be assessed from the date of the first verdict. We do not agree.

Prejudgment interest is awarded where the amount of damages is determinable, either because the damages are liquidated or because there is a reasonably certain standard of measurement. However, prejudgment interest

---

[1] Section 814.04(4), Stats., provides:

(4) Interest On Verdict. When the judgment is for the recovery of money, interest at the rate of 7% per annum from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs.

will not be granted where the damages are determinable but "some other factor" prevents the party from determining the amount that should be tendered. *City of Merrill v. Wenzel Brothers, Inc.*, 88 Wis.2d 676, 697, 277 N.W.2d 799, 808 (1979).

Among the other factors recognized as preventing the determination of damages is the need for apportionment among multiple defendants where a question of joint liability exists. *Wyandotte Chemicals Corp. v. Royal Electric Manufacturing Co.*, 66 Wis.2d 577, 584–85, 225 N.W.2d 648, 652–53 (1975) ; *City of Franklin v. Badger Ford Truck Sales, Inc.*, 58 Wis.2d 641, 657, 207 N.W.2d 866, 874 (1973). We hold that where the allocation of damages attributable to the causal negligence of plaintiff remains to be determined in a second trial, this determination constitutes "some other factor" preventing the determination of damages for the purpose of assessing interest.

No reasonably certain standard of measurement of the damages existed until a comparison was made between the causal negligence of the plaintiff and of the defendant. As in *Wyandotte* and *Franklin* this uncertainty rendered defendant incapable of determining what amount could have been tendered to prevent the accrual of interest. This determination was only made when the second verdict was returned on August 24, 1979.

Plaintiff argues that this case should be distinguishable from *Wyandotte* and *Franklin* for two reasons: first, this is a case in which both a verdict and a judgment were rendered in the first trial; and second, that this case is controlled by *Fehrman v. Smirl*, 25 Wis.2d 645, 131 N.W.2d 314 (1964) where the court allowed interest from the date of the first verdict. We find these contentions to be without merit.

The issue in this case is one of determinability of damages. Determination does not occur until the amount

of damages is fixed and certain. In a negligence case, this does not occur until both liability and damage issues are resolved. It is clear that the principles governing determinability of damages are the same whether the case is one for prejudgment or preverdict interest.[2]

We further hold that *Fehrman v. Smirl, supra,* is distinguishable. In *Fehrman,* only the defendant's liability was at issue in the second trial and a damage tender was theoretically possible. *Fehrman, supra,* at 659, 131 N.W.2d at 321. This mere denial of liability has been held not to constitute "some other factor" preventing the determination of damages. *Wyandotte, supra,* at 585, 225 N.W.2d at 652. In *Fehrman* there existed no question of liability of multiple defendants nor of the contributory negligence of the plaintiff which could reduce the ultimate damages owed by the defendant. In this case, we are presented with more than a mere denial of liability by the defendant. We are presented with a question of plaintiff's contributory negligence. This additional inquiry removes this case from the confines of *Fehrman.*

We wish to emphasize that it is the potential for change in the comparison of causal negligence between plaintiff and defendant, and not the fact that the comparison did change, which is critical to our determination here. The damages as established in the first verdict were affected by "some other factor"—the comparison of causal negligence. Accordingly, we find that the damages did not become fixed and determinable until the verdict was returned in the second trial. That part of the judgment assessing interest on the date of the verdict in the second trial is affirmed.

*By the Court.*—That part of the judgment appealed from is affirmed.

---

[2] *See generally City of Merrill v. Wenzel Bros., supra,* at 697–98, 277 N.W.2d at 808–09.